IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENTON SHAFER, THERESA SHAFER, ARLEN SHAFER and SYLVIA SHAFER, | ) ) ) | CIVIL ACTION NO. |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| RANGE RESOURCES-APPALACHIA, LLC, | ) ) ) | JURY TRIAL DEMANDED |
| | ) | Electronically Filed. |
| Defendant. | ) | |

COMPLAINT

COMES NOW, Plaintiffs, KENTON SHAFER, THERESA SHAFER, ARLEN SHAFER AND SYLVIA SHAFER, by and through their attorneys, SCANLON & SANSONE and JOEL S. SANSONE, ESQUIRE, and hereby file this Complaint and in support thereof avers as follows:

INTRODUCTION

1.  This is a diversity action arising out of the Defendant, Range Resources - Appalachia LLC ("Range") breach of contract by failing to pay a signing bonus to Plaintiffs in exchange for the Plaintiffs agreeing to enter into an oil and gas lease with Range.

THE PARTIES

2.  Plaintiffs, Kenton Shafer and Theresa Shafer, are adult individuals who reside in Woodbridge, Virginia 22193.

1

3.  Plaintiffs, Arlen Shafer and Sylvia Shafer, are adult individuals who reside in Morgantown, West Virginia 26501.

4.  Defendant, Range, is a Delaware limited liability company with a corporate headquarters located in Forth Worth, Texas, and with local offices located at 380 Southpointe Boulevard, Suite 300, Canonsburg, Pennsylvania 15317.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction under 28 U.S.C § 1332, because there is diversity of citizenship between Plaintiffs and Range, and the amount in controversy is in excess of $75,000.00.

6.  This Court has personal jurisdiction over Range because Range is registered as a foreign corporation authorized to conduct business in the Commonwealth of Pennsylvania, with local offices as set forth above, and a substantial part of the events, acts or omissions giving rise to the claims herein occurred in the Western District of Pennsylvania.

## FACTUAL BACKGROUND

7.  The Plaintiffs own a 52.299 acre parcel of property located in Grant District, Monongalia County, West Virginia, including all of the oil and gas interests associated with this property.

8.  The Plaintiffs were contacted by a representative of Range on or about June, 2008, regarding Range's interest in entering into a leasing agreement to produce the oil and gas associated with the Plaintiffs' property.

9.    At the same time that the Plaintiffs were solicited by Range, numerous other natural gas producers contacted the Plaintiffs and their representatives, offering to lease the Plaintiffs' natural gas and oil interests.

10.    The Plaintiffs agreed to sign a lease with Range based upon the attractive bonus that Range offered as an inducement to enter into a lease, and Range's willingness to negotiate the terms of the lease.  A bonus is an up-front payment that the producer makes to the property owner in exchange for entering into the lease.

11.    In July, 2008, Range offered the Plaintiffs an oil and gas lease.

12.    The Plaintiffs responded to Range's lease offer with concerns about the terms of the lease, and Range addressed these concerns by making changes to their broilerplate lease form.

13.    Range agreed to modify  the lease offer with many non-standard provisions that would not be present in Range's broilerplate form lease.  The parties agreed to an 18 percent royalty, higher than the minimum royalty mandated under Pennsylvania law.

14.    Each of the non-standard provisions that would not be present in Range's broilerplate form lease were presented to Range's management who reviewed, redrafted and incorporated the revisions and approved the terms of the lease negotiated by Range's landman.  Accordingly, Ranger management approved the terms of the lease prior to its execution by the Plaintiffs.

15.    After the Plaintiffs were satisfied with the terms of the agreement that Range was offering them, the Range landman drafted and presented to Plaintiffs a final Oil and Gas Lease ("Lease") agreement for the Plaintiffs to lease their oil and gas interests associated with the property to Range which was executed by the Plaintiffs and returned to Range on August 30, 2008.

16. Contemporaneously with the parties entering into the Lease, the parties entered into a side agreement with respect to the bonus ("Bonus Agreement").

17. Under the terms of the Bonus Agreement, Range agreed to pay the Plaintiffs $130,747.50 as a bonus for entering into the Lease within 90 days of the lease execution date. The said amount was to be paid as follows: $65,373.75 to Plaintiffs, Kenton Shafer and Theresa Shafer, with a payment of like amount to Plaintiffs, Arlen Shafer and Sylvia Shafer.

18. Plaintiffs signed the Lease and Bonus Agreement on August 30, 2010. Relying upon Range's representations that the bonus would be paid within 90 days, Plaintiffs refrained from marketing their property to other producers.

19. Range is bound to perform its obligations under the Bonus Agreement and Lease.

20. Following Range's failure to pay the bonus, the Plaintiffs attempted to contact Range to learn the status of the bonus payment.

21. Plaintiffs were never given any valid reason for Range's failure to make these payments.

22. Range breached the Lease and Bonus Agreement by failing to make the $130,747.50 payment to the Plaintiffs.

23. As a direct and proximate result of Range's breach of the Lease and Bonus Agreement, Plaintiffs have sustained, and will continue to sustain actual and legal damages.

24. As a direct and proximate result of Range having not timely paid the aforesaid Bonus Payment, Plaintiffs have been damaged as a result of holding their property off the market based upon the reasonable expectation that the Lease was accepted by Range. As a result of Range's breach of the Lease and Bonus Agreement, the Plaintiffs have lost profits and sustained an injury to the value of their property.

WHEREFORE, Plaintiffs, Kenton Shafer, Theresa Shafer, Arlen Shafer and Sylvia Shafer, request a judgment in their favor and against Range Resources-Appalachia LLC in an amount in excess of $75,000.00, with interest at the legal rate, for costs of suit, attorney fees, pre- and post-judgment interest, and such other relief as determined by the Court.

JURY TRIAL DEMANDED

Respectfully submitted,

SCANLON & SANSONE

s/Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
2300 Lawyers Building
428 Forbes Avenue
Pittsburgh, Pennsylvania 15219
412.281.9194

Dated:  August 30, 2010